UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**VAUGHN ERIC STEPHENSON, JR.,**

        **Petitioner,**          Crim No. 15-CR-230
                                      Case No. 2:17-CV-00007-JLG
    v.                                JUDGE JAMES L. GRAHAM
                                      Magistrate Judge Jolson
**USA,**

        **Respondent.**

## REPORT AND RECOMMENDATION AND ORDER

Petitioner, a federal prisoner, has filed a Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255. (Doc. 39). Petitioner asserts that he was sentenced improperly as a career offender under § 4B1.1 and § 4B1.2 of the United States Sentencing Guidelines. As support for his claim, he argues that the Supreme Court's decision in *Johnson v. United States*, -- U.S. --, 135 S. Ct. 2551 (2015), which held that "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii) of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague, implied that similar, if not identical, language which appears in those sections of the Sentencing Guidelines is also unconstitutionally vague, and that he should be resentenced without regard to those portions of the Guidelines.

On March 6, 2017, the United States Supreme Court held that the United States Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause, and that the residual clause in § 4B1.2(a)(2) therefore is not void for vagueness. *Beckles v. United States*, 580 U.S. –, 2017 WL 855781 (2017). The Supreme Court reasoned that "[u]nlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate

sentence within the statutory range.  Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Id.* at *6.

Based on the Supreme Court's *Beckles* decision, the Court concludes that "the moving party is not entitled to relief."  *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.  Under these circumstances, Rule 4(b) states that "the judge must dismiss the motion[.]"  Consequently, the undersigned **RECOMMENDS** that the Motion to Vacate (Doc. 39) be **DENIED.**

In addition, the Court **DENIES** Respondent's Motion to Stay (*see* Doc. 43), and Petitioner's Motion to Appoint Counsel (Doc. 41) as **MOOT**.

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

  IT IS SO ORDERED


Date: March 16, 2017       /s/Kimbery A. Jolson
               KIMBERLY A. JOLSON
               UNITED STATES MAGISTRATE JUDGE